**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Terrence Davis,<br>Plaintiff,<br>v.<br>Perkins, et al.,<br>Defendants. | Case No. 2:25-cv-00926-GMN-DJA<br><br>**Order** |

Before the Court is pro se inmate Plaintiff Terrence Davis' motion to enforce settlement (ECF No. 13) and motion for appointment of counsel (ECF No. 14). Plaintiff participated in an early mediation conference on July 17, 2026, at which session a settlement was not reached. (ECF No. 11). Plaintiff filed his motion to enforce a few days later. (ECF No. 13). Defendants Tasheena Cook and Wendy Pomeroy respond and argue that the parties did not reach a settlement. (ECF No. 17). Given the docket notation that no settlement was reached and Defendants' response, the Court finds that there is no settlement for it to enforce and denies Plaintiff's motion to enforce settlement.

Plaintiff also moves for appointment of counsel, arguing that he is experiencing depression and anxiety, that the issues in the case are complex, and that the case will involve a large number of medical files. (ECF No. 14). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because the Court does not find that he has demonstrated exceptional circumstances. Plaintiff has not described how his mental health impacts his ability to litigate the case. And his case is at its early stages, so the likelihood of success on the merits is unclear. Additionally, given the fact that certain of Plaintiff's claims have passed screening, the Court finds that Plaintiff has demonstrated an ability to articulate his claims pro se. The Court therefore denies his motion for appointment of counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to enforce settlement (ECF No. 13) is **denied**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 14) is **denied without prejudice.**

DATED: September 23, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE